# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR BARRIENTOS LOPEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DENTENTION CENTER,<br>Respondent. | Case No. 1:26-cv-07086-KES-SAB-HC<br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 17, 2026, Petitioner filed a motion to supplement the record as well as a motion for leave to file a late reply. (ECF Nos. 8, 9.) In his reply, Petitioner contends that he has proof that criminal transactions attributed to him in Florida were in fact not committed by him. (ECF No. 8 at 1.) Additionally, Petitioner argues that several of the convictions Respondent has attributed to him for alleged actions in California were dismissed or withdrawn. (Id.) The Court notes that the crimes attributed to Petitioner in Florida were committed on January 24, 2024, by an individual named Alayn Barrios-Madruga, who was born in 1978, five years prior to Petitioner's date of birth in 1983. (*See* ECF No. 16-1 at 15.) Additionally, the date of the alleged crime is eight months prior to August 5, 2024, the date on which Respondent states Petitioner presented himself to immigration officials for entry into the United States and was paroled into

the country. (*See* ECF No. 6-1 at 2.) Because the crime committed in California does not indicate a date of birth and indicates a name similar to but not an exact match to Petitioner's name, it is unclear whether that record is accurate as well.

Respondent contends that Petitioner is subject to mandatory detention under § 1226(c)(1)(A). (ECF No. 6 at 3.) "The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision" and "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026) (internal quotation marks and citation omitted). Here, the notice to appear ("NTA") submitted by Respondent charged Petitioner as removable pursuant to section 212(a)(7)(A)(i)(I). (ECF No. 6-1 at 24.) The NTA does not state that Petitioner is charged with inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2).

Additionally, the Board of Immigration Appeals has stated that "where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Matter of Kotliar, 24 I&N Dec. 124, 127 (BIA 2007). There is nothing in the record before this Court that Respondents notified Petitioner of the basis for his mandatory detention under § 1226(c)(1)(A).

The Court finds that supplemental briefing on the accuracy of the underlying criminal history reports, clarification as to the disposition of charges noted in any criminal history report entered into the record, and whether Petitioner received notice of the basis for his mandatory detention and an opportunity to challenge the detention would assist the Court in this matter.

///

///

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issue set forth above and any supporting documentation; and
2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated: **November 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge